UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JA-QORE AL-BUKHARI,<br>　　　Plaintiff,<br><br>　　　v.<br><br>DEPARTMENT OF<br>CORRECTION, *et al.*,[1]<br>　　　Defendants. | No. 3:16-cv-205 (SRU) |

INITIAL REVIEW ORDER

　　　Plaintiff Ja-Qore Al-Bukhari, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983. He alleges that the defendants violated his rights under the Eighth and Fourteenth Amendments and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, by denying him a root canal and crown to treat a cracked tooth. Al-Bukhari names as defendants the Department of Correction, the University of Connecticut Health Center, Correctional Managed Health Care and Brian Perlmutter. The complaint was received by the Court on February 8, 2016. Al-Bukhari's motion to proceed *in forma pauperis* was granted on February 12, 2016.

　　　Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are

---

[1] Al-Bukhari incorrectly names the Department of Correction as the Department of Corrections.

not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## I. Allegations

On March 3, 2015, while confined at the Cheshire Correctional Institution, Al-Bukhari submitted an inmate request to the dental staff. He stated that he was experiencing severe tooth pain whenever he ate or drank. Dental staff did not examine Al-Bukhari for three weeks.

On March 25, 2015, defendant Dentist Perlmutter diagnosed a cracked tooth. He told Al-Bukhari that there were two treatments, extraction or a root canal and crown. However, Dr. Perlmutter stated that the Department of Correction frowns on recommendations for root canals and crowns. Therefore, he stated that the only option was extraction. Al-Bukhari refused to have the tooth extracted. When he asked for pain medication, Dr. Perlmutter stated that he could not have pain medication because he refused to have his tooth extracted.

On May 6, 2015, Al-Bukhari was transferred to Garner Correctional Institution. He requested a dental examination. When he saw the dentist he reported that he had been diagnosed with a cracked tooth. The dentist prescribed pain medication at Al-Bukhari's request. The dentist

told Al-Bukhari that his tooth did not need to be extracted and stated that extraction should be used as a last resort when the tooth cannot be saved. Garner dental staff stated that pain medication should not have been denied just because he refused to have the tooth extracted.

## II.     Analysis

Al-Bukhari included three counts: (1) the defendants were deliberately indifferent to his serious dental needs; (2) the defendants violated his rights under the ADA by excluding him from dental services; and (3) the defendants violated his Eighth and Fourteenth Amendment rights by creating a policy, or permitting a policy to continue, that deprived him of adequate dental care.

### A.  Americans with Disabilities Act

Al-Bukhari contends that the defendants discriminated against him and violated his rights under the ADA by denying him a root canal and crown. The purpose of the ADA is "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). The statute provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. The statute is intended "to ensure evenhanded treatment between the disabled and the able-bodied. *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998). The ADA does not apply to claims regarding the quality of medical services provided by correctional departments or provide a remedy for medical malpractice. *See Maccharulo v. New York State Dep't of Correctional Servs.*, No. 08 Civ. 301(LTS), 2010 WL 2899751, at *2 (S.D.N.Y. July 21, 2010) (citations omitted). If, however, correctional officials make treatment decisions based on an inmate's disability when the disability is "unrelated to, and thus improper

to consideration of" the treatment decision, the inmate can state an ADA claim. *McGugan v. Aldana-Bernier*, 752 F.3d 224, 234 (2d Cir. 2014).

Al-Bukhari alleges that he was denied proper dental care because defendant Perlmutter offered him only one option, tooth extraction. He does not identify any disabling condition or any program or service provided to able-bodies inmates but not to him. Even if his cracked tooth could be considered a disabling condition, Al-Bukhari has not identified any disparate treatment based upon the fact that he had a cracked tooth. Thus, his claim deals with the adequacy of medical services and is not actionable under the ADA. *See Morris v. NYC HRA*, No. 13-CV-1845(RRM)(MDG), 2015 WL 4727288, at *5 (E.D.N.Y. Aug. 10, 2015) (dismissing ADA claim for denial of medical and dental care because treatment not denied because of plaintiff's disability). The ADA claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

 B. <u>Defendants Department of Correction, University of Connecticut Health Center and Correctional Managed Health Care</u>

Al-Bukhari names the Department of Correction, the University of Connecticut Health Center, and Correctional Managed Health Care as defendants. The Department of Correction and the University of Connecticut Health Center are state agencies. They are not considered persons within the meaning of section 1983. *See Will v. Michigan Dep't of Police*, 491 U.S. 58, 70-71 (1989); *see also Francilme v. Department of Corrections*, No. 3:14-cv-808 (SRU), 2014 WL 5420789, at *3 (D. Conn. Oct. 22, 2014) (holding that Department of Correction and University of Connecticut Health Center are not persons within the meaning of section 1983). In addition, state agencies are protected by Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Thus, the Department of Correction and the University of Connecticut Health Center are not susceptible to liability under section 1983. *See McGinty v. New York*, 251 F.3d 84, 91 (2d Cir. 2001) (Eleventh Amendment bars suits for

4

money damages or injunctive relief against state agencies except where "Congress authorizes such a suit through enforcement of § 5 of the Fourteenth Amendment" or "where a state consents to being sued").

Correctional Managed Health Care is a division of the University of Connecticut Health Center. As such, it is not a person within the meaning of section 1983. *See Ferla v. Correctional Managed Health Care*, No. 3:15-cv-1303(MPS), 2015 WL 5826812, at *2 (D. Conn. Oct. 2, 2015) (Correctional Managed Health Care, a division of a state agency, is not a person subject to suit under section 1983). All section 1983 claims against the Department of Correction, the University of Connecticut Health Center and Correctional Managed Health Care are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

C. Official Capacity Damages Claims against Defendant Perlmutter

The Eleventh Amendment divests the district court of subject matter jurisdiction over any claims for monetary damages against a state official acting in his official capacity unless the state has waived that immunity or Congress has abrogated it. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Section 1983 does not abrogate state sovereign immunity. *See Quern v. Jordan*, 440 U.S. 332, 341-45 (1979). Nor has Al-Bukhari alleged any facts suggesting that Connecticut has waived that immunity. Accordingly, any claims for damages against defendant Perlmutter in his official capacity are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

D. Claims for Declaratory Relief

Al-Bukhari seeks declaratory relief in the form of a statement that the defendants violated his rights under the ADA and Eighth and Fourteenth Amendments. This is not a proper request for declaratory relief.

Declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of that right or a disturbance of the relationship." *Colabella v. American Institute of Certified Public Accountants*, No. 10-cv-2291(KAM/ALC), 2011 WL 4532132, at *22 (E.D.N.Y. Sept. 28, 2011) (quoting *Beacon Const. Co., Inc. v. Matco Elec. Co., Inc.*, 521 F.2d 392, 397 (2d Cir. 1975)). Declaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages. *See In re Combustion Equip. Assoc.*, 838 F.2d 35, 37 (2d Cir. 1988). Al-Bukhari is asking the court to state that the actions described in the complaint, past actions, violated his rights. He has not identified any legal relationships or issues that require resolution via declaratory relief. The request for declaratory relief is dismissed. *See Camofi Master LDC v. College P'ship, Inc.*, 452 F. Supp. 2d 462, 480 (S.D.N.Y. 2006) (concluding that claim for declaratory relief that is duplicative of adjudicative claim underlying action serves no purpose).

E. Unconstitutional Policy

Finally, Al-Bukhari alleges that the defendants created, or permitted to continue, a policy to deny inmates root canals and crowns. As support for this claim, Al-Bukhari alleges that defendant Perlmutter told him that the Department of Correction "looks down" on recommendations for root canals and crowns. Doc. #1, ¶ 14. Thus, it appears that Al-Bukhari is not claiming that defendant Perlmutter was responsible for this policy. Because Perlmutter is the only remaining defendant, the claim is dismissed. Al-Bukhari may file an amended complaint if he can identify a person responsible for the creation or continuation of the alleged policy.

**III.   Conclusion**

All claims under the Americans with Disabilities Act, all section 1983 claims against the Department of Correction, the University of Connecticut Health Center and Correctional

6

Managed Health Care, all claims for declaratory relief, and all claims for damages against defendant Perlmutter in his official capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

The claim for creating or condoning an unconstitutional policy regarding dental care is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Al-Bukhari may file an amended complaint if he can identify a person responsible for the creation or continuation of the alleged unconstitutional policy.

The complaint will proceed on the claim against defendant Perlmutter in his individual capacity for deliberate indifference to serious dental needs.

The court enters the following orders:

(1) **The Clerk shall** verify the current work address of defendant Perlmutter with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to the defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(3)     **The Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)     The defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He also may include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the

plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

So ordered.

Dated at Bridgeport, Connecticut, this 23rd day of February 2016.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
